# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6832 | **DATE** | 1/28/2004 |
| **CASE TITLE** | Huttam vs. OSF St. Francis Med Ctr | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby grants in part and denies in part defendants OSF St. Francis Medical Center and Gary Schaer's motion to dismiss and to transfer. Order cause transferred to the U.S. District Court for the Central District of Illinois, Peoria Division. All pending motions are hereby denied as moot. All pending dates are hereby stricken as moot. Enter Memorandum Opinion. Terminating case.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JAN 29 2004 | | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | '04 JAN 28 PM 1:56 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MAHER HUTTAM, M.D., )
)
          Plaintiff, )
)
v. ) No. 03 C 6832
)
OSF ST. FRANCIS MEDICAL CENTER, )
NORMAN ESTES, M.D., STEPHEN )
MARSHALL, M.D., RICHARD PEARL, M.D., )
GARY SCHAER, and ROBERT SMOLEN, )
Ph.D., in their Official and Personal Capacity, )
)
          Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on a motion to dismiss and to transfer brought by Defendants OSF St. Francis Medical Center ("OSF") and Gary Schaer. This matter is also before the court on a motion to dismiss brought by Defendants Norman Estes, M.D., Stephen Marshall, M.D., Richard Pearl, M.D., and Robert Smolen, Ph.D. For the reasons stated below we grant the motions in part and deny the motions in part.

## BACKGROUND

In July of 2000 Plaintiff Maher Huttam M.D. ("Huttam") began training as a third year surgical resident in a residency training program in Peoria, Illinois, jointly conducted by OSF and the University of Illinois. Huttam claims that he was discriminated against by Defendants in

1

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, 42 U.S.C. § 2000-2, and 43 U.S.C. § 1983.

**LEGAL STANDARD**

A district court may transfer an action to another district where the action might have been brought pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, [if it is] in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case the transferor court must first find that: 1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and 2) venue is proper in the transferee district, *see* 28 U.S.C. § 1404(a)(stating that transfer can only be made to district in which the action "might have been brought").

If venue is proper in both the transferor and transferee district, the transferor court should then consider: 1) the choice of forum by plaintiff, *Federal Deposit Ins. Corp. v. Citizens Bank and Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979), 2) the convenience of the parties, *Coffey*, 796 F.2d at 220 n.3, 3) the convenience of the witnesses, *Id.* and 4) the interest of justice. *Id.* The movant bears the burden of establishing that the transferee district is "clearly more convenient." *Id.* at 219-20.

In considering whether to transfer an action the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp.*, 592 F.2d at 368; *see also Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)(stating that "some weight must be given to [a plaintiff's] choice of forum"). A transfer pursuant to 28

2

U.S.C. § 1404(a) should not merely shift the inconvenience from one party to another, *see Heller Financial, Inc.*, 883 F.2d at 1294(expressing concern that a transfer would merely shift the inconvenience to the plaintiff), and the choice of a forum by a plaintiff should not be "lightly . . . disturbed." *Warshawsky & Co v. Arcata Nat'l Corp.*, 552 F.2d 1257, 1259 (7th Cir. 1977). However, whenever the plaintiff and defendant are in different states, there will inevitably be an inconvenience to one side. *In re National Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). When the potential inconvenience to the plaintiff and defendant are comparable "the tie is awarded to the plaintiff . . . ." *Id.*; *see also Heston v. Equifax Credit Info. Servs. LLC*, 2003 WL 22243986, at *1 (N.D. Ill. 2003)(stating that plaintiff's choice of forum is given less weight if the case has no "significant connection to the chosen forum . . . .")

In addressing the interest of justice factor a court may consider: 1) whether a transfer promotes the "efficient administration of justice," 2) whether the action could be consolidated with other actions in the transferee district, 3) whether the judges in the transferee district are more familiar with the pertinent state law, 4) "whether jurors in a particular district have a financial interest in [the] case," and 5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21, 221 n.4. The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d at 663. In addressing the interest of justice factor the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of plaintiff's claim. *Id.*

3

## DISCUSSION

In the motion to dismiss filed by OSF Defendants argue that this case should be transferred to the United States District Court for the Central District of Illinois, Peoria Division ("Central District"). We agree. We note that Huttam has not filed a response to either motion to dismiss or to the motion to transfer. Huttam apparently currently resides in the Northern District of Illinois, but all of the alleged wrongful conduct occurred in the Central District. Venue is proper in both the Northern District of Illinois and in the Central District. The Central District will clearly be a more convenient forum for Defendants. The witnesses and Defendants are located in the Central District. Huttam has not provided any reason why it would be particularly difficult for him to pursue his claims in the Central District. The public interest is also served by transferring the action to the Central District. It is not in the best interest of the public for the OSF employees and Defendants to be drawn away from their healthcare duties to travel up to Chicago simply because Huttam happens to reside in Chicago. We find that a transfer to the Central District will promote the efficient administration of justice. Huttam has offered no protest to the motion to transfer and he has offered no reason why it would be an inconvenience for him to pursue his claim in the Central District.

## CONCLUSION

Therefore we grant Defendants' motion to transfer this case to the United States District Court for the Central District of Illinois, Peoria Division. All other pending motions are denied as moot.

*[signature]*

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 28, 2004